# UNITED STATES DISTRICT COURT
### District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                     **CASE NO.** 6:24-cr-10013-JWB

SHAN HANES,

          Defendant.

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

At all times relevant to the Information:

## INTRODUCTION

1.      Heartland Tri-State Bank was a financial institution headquartered in Elkhart, Kansas. At all times relevant to this Information Heartland Tri-State Bank was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

2.      At all times relevant to this Information, Shan Hanes (defendant) was the Chief Executive Officer of Heartland Tri-State Bank.

3.      Beginning on or about December 2022, Shan Hanes began making financial transactions to ostensibly purchase cryptocurrency. The initial cryptocurrency purchases

were made with personal funds of Shan Hanes. In early 2023 the cryptocurrency purchases were made with funds embezzled from a local church and local investment club.

4.      Beginning on or about May 17, 2023, Shan Hanes began to make wire transfer financial transactions from Heartland Tri-State Bank for the purpose of purchasing cryptocurrency. Shan Hanes used his position and authority as CEO of Heartland Tri-State Bank to make and authorize the wire transfers or direct other employees to make the wire transfers on his behalf.

5.      Beginning on or about May 30, 2023 and through at least July 7, 2023, Shan Hanes embezzled funds from Heartland Tri-State bank by causing at least 11 wire transfer financial transactions from Heartland Tri-State Bank. Shan Hanes did not have authority to make the wire transfers or to use Heartland Tri-State Bank funds to purchase cryptocurrency. The total funds transferred from Heartland Tri-State Bank was approximately $47.1 million.

6.      The loss of $47.1 million caused the failure of Heartland Tri-State Bank and on or about July 28, 2023 the Federal Deposit Insurance Corporation was appointed receiver of the financial institution.

## COUNT 1

### EMBEZZLEMENT BY A BANK OFFICER
### [18 U.S.C. §656]

The allegations in paragraphs 1 through 6 of this information are incorporated as if fully set forth herein.

7.      On or about and between May 30, 2023 and July 7, 2023, in the District of Kansas and elsewhere, the defendant,

**SHAN HANES**,

being an officer and employee of Heartland Tri-State Bank, a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation, with the intent to injure and defraud Heartland Tri-State Bank, willfully misapplied, and embezzled approximately $47.1 million of the moneys, funds and credits of Heartland Tri-State Bank by causing the wire transfer of the funds for the purchase of cryptocurrency intended for the personal benefit of the defendant.

In violation of Title 18, United States Code, Sections 656 and 2.

## FORFEITURE ALLEGATION

8.      The statements and allegations contained in paragraphs 1-7 and Count One of this Information are realleged and incorporated by reference for purposes of alleging forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(2).

9.      Upon conviction of the offenses alleged in Count One of the Information, Defendant Shan Hanes**,** shall forfeit all property, real and personal, constituting, or derived from, proceeds traceable to the offense, directly or indirectly, as a result of the violations of law set out in Count One of this Information, including, but not limited to: a money judgment in the amount of at least $47.1 million.

## Substitute Assets

10.      If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

3

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred to, sold to, or deposited with a third person;

(C)     has been placed beyond the jurisdiction of the Court;

(D)     has been substantially diminished in value; and/or

(E)     has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

KATE E. BRUBACHER
United States Attorney


 s/Aaron L. Smith_____
AARON L.SMITH
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ks S. Ct. # 20447
(316) 269-6481
E-mail:aaron.smith3@usdoj.gov


IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

4

## PENALTIES

## Count One: Bank Embezzlement

- Punishable by a term of imprisonment of not more than thirty (30) years.  18 U.S.C. § 656.

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.  18 U.S.C. § 3571(b)(3).  In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.