IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-10013-JWB |
| | ) | |
| SHAN HANES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>AMENDED PRELIMINARY ORDER OF FORFEITURE</u>**

The United States' motion for an Amended Preliminary Order of Forfeiture (Doc. 25), comes before the Court. For good cause shown, the Court finds the motion should be granted and the Preliminary Order of Forfeiture (Doc. 20) is amended as follows:

1. The Court finds that the defendant has consented to the forfeiture of the property identified below in his Plea Agreement (Doc. 16) and grants the United States' Motion for an Amended Preliminary Order of Forfeiture regarding the same. The Court orders forfeiture of the following property to the United States:

        A. Contents of, and funds traceable to the blockchain virtual currency address 0xef2797225aCEF65d583F157bbAf023C290D0e7dB, held by or under the care or custody of Tether Limited.

2. The Court further finds that the property identified in paragraph 1, was willfully misapplied, and embezzled during the commission of Count 1 and, accordingly, the property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2).

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the property listed in paragraph 1, should it not have already done so.

4. Upon the entry of this Order, the United States shall post to www.forfeiture.gov, for a period of thirty consecutive days, notice of this Order, notice of the United States' intent to

dispose of the property according to law, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with this Court within thirty days of the final publication of notice or receipt of actual notice, whichever is earlier.

5.      Further, the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the forfeited property.

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the forfeiture of the property was made final as to the defendant at the time of sentencing and was made part of the sentence and included in the judgment.

8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture.

9.      Defendant Shan Hanes also agreed to a forfeiture judgment in the amount of $47,100,000.00, less any amount potentially recovered from the aforementioned Tether Limited virtual currency address, which sum represents proceeds the defendant obtained as a result of his participation in Count One.   Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.   A personal forfeiture money judgment is hereby imposed against the defendant in the amount of $47,100,000.00, less any amount potentially recovered from the aforementioned Tether Limited virtual currency address

for Count One, in accordance with Title 18, United States Code, Section 982 and

Fed.R.Crim.Pro. 32.2.

10.     The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary pursuant to Fed. R. Crim. P 32.2(e).

**IT IS SO ORDERED.**

Dated this 15th day of August, 2024, at Wichita, Kansas.


__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE